# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DA'JUAN BURNS, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-18-3100 |
| MAHBOOB ASHRAF, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

In October 2018, Plaintiff Da'Juan Burns filed a *pro se* complaint against various officials and medical providers at Maryland's North Branch Correctional Institution alleging violations of his constitutional right to receive adequate medical care. (Compl. at 1, ECF No. 1.) Plaintiff alleged his healthcare was deficient in several ways: he did not receive necessary diagnostic tests related to his varicocele (a urological condition), he received inadequate treatment after suffering a fall, he was prescribed ineffective and sometimes harmful medication, and he did not receive adequate treatment for his pain.[1] In addition to seeking declaratory relief and money damages, Plaintiff also sought a temporary restraining order (TRO) or injunctive relief ordering that he be seen by a urological specialist. (TRO Mot. at 1, ECF No. 5.)

Plaintiff filed his suit against Wexford Health Source, Chief Medical Officer Asrehahegn Getachew, Doctors Mahboob Ashraf and Ali Yahya, Nurses William Beeman and Tammy Buser, and Nurse Practitioners Holly Pierce and Krista Self[2] ("Medical Defendants"); Correct Rx

---

[1]     Plaintiff's allegations are summarized in full in the Court's prior opinion. (TRO and Mot. Dismiss Mem. Op. at 5, ECF No. 76.)

[2]     In the complaint, Krista Self is listed as Kris Swan.

Pharmacy Services and John Doe Pharmacist ("Pharmacy Defendants"); and, DOC Commissioner Dayena Corcoran and Correctional Officer Michael Turner ("State Defendants"). On September 3, 2019, the Court denied Plaintiff's request for injunctive relief and dismissed Plaintiff's claims, except for the claims against Tammy Buser and Michael Turner relating to the treatment Plaintiff received after suffering a fall. (TRO and Mot. Dismiss Mem. Op. at 12, 15–16.)

Now pending before the Court is Plaintiff's motion to alter or amend the Court's prior ruling (Mot. Alter or Amend, ECF No. 82) and the Pharmacy Defendants' motion to re-enter the order of dismissal (Mot. Re-Enter Order, ECF No. 85).[3] The Court will deny Plaintiff's motion to alter or amend and deny the Pharmacy Defendants' motion to re-enter the order of dismissal.

## I.     *Motion to Alter or Amend the Court's Prior Ruling*

Although the federal rules do not explicitly provide for a motion to reconsider, it is widely agreed that courts can reconsider a prior ruling where there is "(1) an intervening change in controlling law, (2) a clear error in the initial ruling, or (3) new evidence that was not discoverable through the exercise of due diligence at the time of the initial ruling." *Durham v. Somerset Cty., Md.*, Civ. No. JKB-12-2757, 2013 WL 5962958, at *1 (D. Md. Nov. 6, 2013). If a party relies on newly discovered evidence as the basis for its motion to reconsider, it "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)).

Plaintiff asks the Court to reconsider the portions of its prior ruling that dismissed the deliberate indifference claims related to his urological problems and denied injunctive relief. (Mot. Alter or Amend ¶ 1.) Plaintiff invokes new evidence as the basis for his motion: an affidavit from

---

[3]     Also currently pending is Plaintiff's motion for the appointment of substitute counsel (Mot. Substitute Counsel, ECF No. 89). The Court will address this motion in a separate order.

a certified urologist, Dr. Brad Lerner, who reviewed Plaintiff's medical records and concluded Plaintiff "requires a thorough urological evaluation" with two ultrasounds.[4] (Lerner Affidavit ¶¶ 3, 6, ECF No. 82-1.) This conclusion from Dr. Lerner, Plaintiff argues, provides strong support for Plaintiff's deliberate indifference claim and his request for injunctive relief, as Dr. Lerner is a urological specialist. (Mot. Alter or Amend Mem. Supp. at 8–9, ECF No. 82-2.)

Even if the Court were to consider the affidavit, Plaintiff still cannot state a claim for deliberate indifference or obtain injunctive relief. The affidavit suggests there is a difference of opinion among doctors as to whether Plaintiff needs additional testing and treatment related to his varicocele. But courts have made clear that a difference of medical opinion is not a sufficient basis for a deliberate indifference claim. *See United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (explaining that a difference between the treatment plans prescribed by a prison medical team and a plaintiff's pre-imprisonment doctor does not support a deliberate indifference claim). This is true even if, as is the case here, the doctor suggesting an alternative course of treatment is a specialist and the defendant is not. For example, in *Jackson v. Lightsey*, 775 F.3d 170 (4th Cir. 2014), the United States Court of Appeals for the Fourth Circuit found no deliberate indifference where a non-cardiologist prison doctor allegedly misdiagnosed and treated the plaintiff for a heart arrhythmia even though the doctor was aware a cardiologist had previously diagnosed and treated the plaintiff for a more serious heart condition. *Id.* at 178–79. The court explained that the doctor's conduct might constitute negligence or medical malpractice, but it did not rise to the "high bar" of deliberate indifference. *Id.*

---

[4] Plaintiff contends he was justified in not producing this evidence earlier because Plaintiff did not have sufficient notice that he should retain an expert like Dr. Lerner and because he did not have timely access to his own medical records. (Reply Mem. Supp. Mot. Alter or Amend at 3–4, ECF No. 88.) Defendants counter that the introduction of this affidavit is an impermissible attempt to "get a second bite at the apple," as Plaintiff could have presented his medical records to an expert at any time before the Court made its prior ruling. (Turner Opp'n Mot. Alter or Amend at 1, ECF No. 87.) The Court need not decide whether the delay was justified, as the Court concludes below that the affidavit does not affect the outcome of Plaintiff's claims.

Applying that logic here, Dr. Lerner's affidavit might suggest additional testing related to Plaintiff's varicocele is in the Plaintiff's best interest, but it does not change the Court's conclusion that Plaintiff cannot state a claim for deliberate indifference. This necessarily means that Plaintiff cannot obtain injunctive relief, as injunctive relief requires showing that the plaintiff is "likely to succeed on the merits." *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Therefore, the Court declines to alter or amend its prior ruling.

## II.     Motion to Re-Enter Order of Dismissal

The Pharmacy Defendants request that the Court re-enter the order granting their motion to dismiss. (Mot. to Re-Enter Order, ECF No. 85.) This request appears to be based on a belief that the Court has vacated that order. The Court has not done so. On October 2, 2019, the Court vacated a Letter Order dated September 18, 2019, which contained a proposed scheduling order (ECF No. 80); it did not vacate the Court's ruling which granted the Pharmacy Defendants' motion to dismiss (ECF No. 77). Because the ruling at issue still stands, the Court will deny the Pharmacy Defendants' motion to re-enter it.

## III.    Conclusion

For the foregoing reasons, an Order shall enter denying Plaintiff's motion to alter or amend the Court's prior order and denying Pharmacy Defendants' motion to re-enter the order of dismissal.

DATED this _6_ day of January, 2020.

BY THE COURT:

_____
James K. Bredar
Chief Judge

4