IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DA'JUAN BURNS, | * | |
| Plaintiff, | * | |
| v. | * | |
| TAMMY BUSER, R.N., *et al.*, | * | CIVIL NO. JKB-18-3100 |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Da'Juan Burns, who is currently incarcerated, brought suit against multiple defendants pursuant to 42 U.S.C. § 1983 for alleged violations of his Eighth Amendment rights. (Compl., ECF No. 1.) On September 3, 2019, this Court dismissed Burns' claims against several defendants. (*See* ECF Nos. 76, 77.) The only remaining defendants in this action are Tammy Buser, a nurse who allegedly denied Burns medical care after he passed out in his cell one morning, and Correctional Officer Michael Turner, who allegedly failed to summon Buser when Burns passed out in his cell. (Compl. ¶¶ 156–57.) This case is now in its discovery phase, which has been extended several times due to the COVID-19 pandemic. (*See, e.g.*, ECF Nos. 120, 137.)

On September 22, 2020, Buser moved to compel discovery responses that Burns had failed to timely submit (ECF No. 128), and on October 13, 2020, this Court granted Buser's Motion to Compel (ECF No. 133). Buser now moves for sanctions because Burns still has not responded to those discovery requests (Mot. Sanctions, ECF No. 138), and Buser and Turner (collectively, "Defendants") jointly move for an extension of time to complete discovery (Mot. Extension, ECF No. 140). Burns has not filed a response to either pending motion. Both motions are fully briefed,

1

and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, this Court GRANTS Buser's Motion for Sanctions, but denies the requested sanction of dismissal (ECF No. 138), and GRANTS Defendants' Joint Motion for Extension of Time to Complete Discovery (ECF No. 140).

## *I.  Motion for Sanctions*

In her September 22, 2020 Motion to Compel, Buser stated that Burns had not yet responded to interrogatories and a request for production that he received on March 4, 2020. (ECF No. 128 at 1; *see also* ECF Nos. 128-2, 128-3.) Burns did not respond to Buser's Motion to Compel. Upon granting Buser's motion, the Court provided Burns with fifteen days to serve his discovery responses on Buser. (ECF No. 133.) Nearly four months later, Burns still has not responded to Buser's outstanding discovery requests, nor has Burns provided any explanation as to why he is unable to respond to these discovery requests.

In her Motion for Sanctions, Buser requests that the Court "sanction Burns for his complete failure to participate in discovery and his disregard of the Court's October 13, 2020 ord3er [sic] by dismissing this action." (Mot. Sanctions at 2.) While Buser is certainly entitled to some sanction against Burns for his discovery violations, dismissal would be too extreme. Instead, the Court will prohibit Burns from introducing evidence relating to the topics and subjects into which the interrogatories and document requests inquired.

Federal Rule of Civil Procedure 37(d) establishes the Court's authority to grant sanctions against a party that fails to serve answers, objections, or a written response to properly served discovery requests. Rule 37(d)(3) provides that the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an

2

award of expenses unjust." Additionally, Rule 37(d)(3) empowers the Court to impose any of the sanctions available under Rule 37(b)(2)(A)(i)–(vi). These include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party[.]

The Fourth Circuit has explained that a district court deciding which sanction to impose should consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *S. States Rack & Fixture, Inc. v. Sherwin-Williams, Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks and citations omitted). A court should grant dismissal only in "the most flagrant case[s], where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mut. Fed. Savings & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

Generally, because dismissal is such an extreme sanction, "before dismissing a case with prejudice, the district court must give the noncomplying party a [sic] 'explicit and clear' warning." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (internal citations omitted); *see also Franklin v. Tri-Cnty. Council for Lower E. Shore of Md.*, Civ. No. ELH-15-786, 2016 WL 3653966, at *4 (D. Md. July 8, 2016) (explaining that "courts in the Fourth Circuit generally impose a dispositive sanction only in cases where the noncompliant party disregarded an earlier, lighter sanction, such as a protective order, a motion to compel, or the payment of attorney's fees").

3

Here, upon consideration of the four factors enumerated above, the Court finds that although dismissal would be an inappropriate sanction, fairness requires that Burns be precluded from introducing the evidence sought by Buser. With respect to the first factor, although Burns has failed to provide any good-faith explanation for his misconduct, the Court also cannot determine that Burns acted in bad faith. Burns has undoubtedly faced challenges associated with being incarcerated during COVID-19, and he has been representing himself *pro se* since August 1, 2020, pursuant to this Court's grant of Burns's Motion to Discharge Current Court Appointed Counsel or to Strike Counsel's Appearance. (*See* ECF No. 121.)

The second and third factors, however, clearly point toward imposing sanctions on Burns. If Burns is permitted to introduce evidence at trial that he has withheld thus far, it would be highly prejudicial to Buser. *See Johnson v. Diversified Consultants, Inc.*, Civ. No. PWG-15-1486, 2016 WL 1464549, at *3 (D. Md. Apr. 13, 2016) (finding "significant prejudice" because the plaintiff's failure to respond to discovery requests effectively "preclud[ed]" the defendant "from preparing a defense"). Moreover, there is an obvious need to deter the sort of extreme discovery misconduct in which Burns engaged by ignoring both Buser's properly submitted discovery requests and the Court Order compelling Burns to respond to Buser's overdue discovery requests.

However, in considering the fourth factor, the Court finds that sanctions less drastic than dismissal would be effective and appropriate at this stage. The Court has not previously issued an explicit and clear warning that Burns's discovery violations could lead to dismissal; its order to compel (ECF No. 133) was a much lighter sanction that would not clearly warn a *pro se* defendant that dismissal could be imminent. Thus, at this stage, dismissal is still too extreme of a sanction to impose on Burns for failing to timely respond to discovery requests.

Instead of dismissing this case, the Court will preclude Burns from introducing evidence sought by Buser in her discovery requests pursuant to Rule 37(b)(2)(A)(ii). This less drastic sanction will essentially remedy the harm to Buser. In terms of Buser's document production requests, Burns will be limited to introducing documents attached to his Complaint or produced by Buser. Additionally, having failed to respond to Buser's interrogatories, Burns will be prevented from introducing any evidence sought by those interrogatories or relying on the testimony of any witnesses whose identities Burns may have withheld.

Despite all of the above, Buser is *still* entitled to receive the discovery she requested. Burns must produce it within 21 days of this order. That which Burns produces may be introduced at trial by Buser (but not by Burns; he forfeited that opportunity by failing to respond before the prior deadlines). IF BURNS CONTINUES TO FAIL TO PRODUCE THE DISCOVERY SOUGHT, AND PARTICULARLY IF HE CONTINUES TO FAIL TO RESPOND WHATSOEVER, THIS CASE MAY BE DISMISSED, AS A SANCTION. If Burns does not know the answers to Buser's interrogatories or does not possess the documents that Buser seeks, he must respond to Buser's discovery requests with explanations as to why he cannot submit substantive responses. And, he must do so under oath.

## II.     *Motion for Extension of Time to Complete Discovery*

On February 5, 2021, the day that discovery was set to conclude and the parties' status reports were due (*see* ECF No. 137), Defendants moved to extend the deadline to complete discovery by approximately one month. (Mot. Extension at 2.) In support, Defendants contend that, due in part to the COVID-19 pandemic, they have not been able to take Burns's deposition. (Mot. Extension at 1.) Defendants also attribute delays to Burns's ongoing failure to respond to Buser's outstanding discovery requests. *See* Part I, *supra*.

5

The Court understands that COVID-19 has presented unanticipated setbacks, and therefore grants the motion for extension. Accordingly, the parties' new discovery deadline, and deadline for submission of status reports, is March 5, 2021. The parties' requests for admissions are due on March 12, 2021, and their dispositive pretrial motions are due on April 5, 2021. (*See* Mot. Extension at 2.)

The Court notes that it has already granted several extensions of discovery in this case. (*See* ECF Nos. 119, 130, 136.) While there are delays traceable to COVID-19, Defendants have likely already had opportunities to undertake processes such as the Zoom deposition of Burns, which is currently scheduled for February 26, 2021. (*See* Mot. Extension at 2.) The Court cautions that the discovery period in this case will not be indefinitely prolonged. Further, realistic extensions for discovery deadlines should be sought before the date on which status reports are due.

### III.   *Conclusion*

The Court GRANTS Buser's Motion for Sanctions (ECF No. 138), and provides that Burns may not introduce evidence sought by Buser in her discovery requests, but not granting Buser's request to dismiss this action. Burns SHALL SUBMIT all statements and documents that are responsive to Buser's outstanding discovery requests WITHIN TWENTY-ONE (21) DAYS of this Order. Additionally, the Court GRANTS Defendants' Joint Motion for Extension of Time to Complete Discovery (ECF No. 140), and sets forth the following discovery deadlines:

| | |
|---|---|
| Discovery Deadline and Submission of Status Report | March 5, 2021 |
| Request for Admissions | March 12, 2021 |
| Dispositive Pretrial Motions | April 5, 2021 |

NOTE:   IF BURNS FAILS TO COMPLY WITH THIS ORDER, THIS ACTION MAY BE DISMISSED.

DATED this ___9___ day of February, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge