IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **DA'JUAN BURNS,** | * | |
| **Plaintiff,** | * | |
| **v.** | * | |
| | | **CIVIL NO. JKB-18-3100** |
| **TAMMY BUSER, R.N.,** *et al.,* | * | |
| **Defendants.** | * | |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

**MEMORANDUM**

In this suit, Plaintiff Da'Juan Burns seeks to recover from Defendants Tammy Buser, R.N.

and Correctional Officer Michael Turner on various 42 U.S.C. § 1983 claims. (Compl., ECF No.

1.) Discovery in this case ended on March 5, 2021, and the deadline for dispositive pretrial motions

has been extended to April 19, 2021. (*See* ECF Nos. 141, 152.) Now pending before the Court is

Buser's Motion for Sanctions, which was filed on March 15, 2021 following Burns's repeated

failure to adhere to multiple Orders compelling him to respond to Buser's outstanding discovery

requests. (ECF No. 150.) Also pending is Burns's Motion for Extension to respond to Buser's

Motion for Sanctions, which was filed on April 13, 2021, about two weeks after Burns's deadline

to respond to Buser's motion had elapsed. (ECF No. 154.) Both motions are fully briefed, and no

hearing is required. *See* Local Rule 105.6 (D. Md. 2018).

For the reasons set forth below, this Court will grant Buser's Motion for Sanctions by

dismissing Burns's claims against Buser. The Court also warns Burns that failure to file his status

report, which was due on March 5, 2021, has prejudiced Turner and may result in dismissal of

Burns's claims against Turner as well. Moreover, the Court will deny Burns's late-filed Motion

for Extension, which neither responds to Buser's Motion for Sanctions nor makes any reference to Burns's long-overdue responses to Buser's outstanding discovery requests.

## I.      *Procedural Background*

As this Court explained in its February 2, 2021 Memorandum and Order imposing limited sanctions on Burns (*see* ECF No. 141), Federal Rule of Civil Procedure 37(d) describes the Court's authority to grant sanctions against a party that fails to serve answers, objections, or written responses to properly served discovery requests. Rule 37(d)(3) empowers the Court to impose any of the sanctions available under Rule 37(b)(2)(A)(i)–(vi). These include:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part; [or]
> (vi) rendering a default judgment against the disobedient party[.]

In *Southern States Rack & Fixture, Incorporated v. Sherwin-Williams Company,* the Fourth Circuit explained that a district court deciding which sanction to impose on a non-complying party should consider four factors: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." 318 F.3d 592, 597 (4th Cir. 2003) (internal quotation marks and citations omitted). District courts must address these factors before imposing a sanction of dismissal. *See Riggins v. Steel Techs.*, 48 F. App'x 460, 462 (4th Cir. 2002). With respect to the specific sanction of dismissal, the Fourth Circuit has also stated:

> [B]efore exercising the inherent power to dismiss a case [as a sanction], a court must consider the following factors: (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney,

recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462–63 (4th Cir. 1993). Because dismissal is a particularly harsh sanction, "before dismissing a case with prejudice, the district court must give the noncomplying party a [sic] 'explicit and clear' warning." *Malhotra v. KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007) (internal citations omitted); *see also Franklin v. Tri-Cnty. Council for Lower E. Shore of Md.*, Civ. No. ELH-15-786, 2016 WL 3653966, at *4 (D. Md. July 8, 2016) (emphasis added) ( "[C]ourts in the Fourth Circuit generally impose a dispositive sanction *only in cases where the noncompliant party disregarded an earlier, lighter sanction*, such as a protective order, a motion to compel, or the payment of attorney's fees.").

Buser's present Motion for Sanctions follows repeated warnings in the form of Court Orders mandating that Burns respond to Buser's outstanding discovery requests, coupled with Burns's continued failure to comply with these Orders. Specifically, on September 22, 2020, Buser moved to compel Burns's overdue responses to interrogatories and a request for production that he received on March 4, 2020. (ECF No. 128 at 1; *see also* ECF Nos. 128-2, 128-3.) Burns did not respond to Buser's Motion to Compel. On October 13, 2020, the Court ordered Burns to respond to Buser's outstanding discovery requests within fifteen days. (ECF No. 133.) Burns still did not serve discovery responses on Buser.

On January 8, 2021, Buser moved for sanctions, asking the Court to dismiss this case due to Burns's repeated failures to respond to Buser's discovery requests. (ECF No. 138.) Burns did not respond to Buser's Motion for Sanctions. The Court reasoned that Buser was entitled to some sanction against Burns, but dismissal was too drastic a sanction to impose at that point in time.

(*See* ECF No. 141 at 2.) Accordingly, on February 9, 2021, the Court sanctioned Burns by prohibiting him from introducing the evidence sought by Buser in discovery. (*Id.* at 4.) The Court also mandated that Burns submit his discovery responses within twenty-one days of that Order, and warned, "IF BURNS FAILS TO COMPLY WITH THIS ORDER, THIS ACTION MAY BE DISMISSED." (*Id.* at 6–7.)

Burns did not meet this third deadline for providing his responses to Buser's outstanding discovery requests, nor did he attempt to explain why he was unable to produce the requested documents. Instead, Burns moved for a stay on February 16, 2021, thereby demonstrating that he was fully able to file documents in this case. (ECF No. 141.) In that motion, Burns sought a twenty-one-day stay to file documents showing that the Court's Scheduling Order should be modified, which he believed was warranted in light of Buser's and Turner's alleged interferences with his ability to conduct discovery. (*Id.*) The Court denied Burns's Motion for a Stay, in part because he provided no evidence that his counterparties were obstructing discovery, and the Court explicitly warned Burns that his deadline to respond to Buser's outstanding discovery requests was rapidly approaching. (ECF No. 144.) The Court again notified Burns that "FAILURE TO COMPLY WITH THIS DEADLINE MAY RESULT IN SANCTIONS, INCLUDING DISMISSAL OF THIS CASE." (*Id.*)

On March 5, 2021, the day on which discovery closed, rather than submitting a status report, Burns moved to modify the Scheduling Order in this case. (ECF No. 148.) The Court denied Burns's motion because the parties had clear notice of the discovery deadline, which the Court had extended several times previously. (ECF No. 149.) The Court also noted that Burns's failure to comply with multiple Orders requiring him to respond to Buser's outstanding discovery requests amounted to bad faith on his part. (*Id.*) To date, Burns has neither answered Buser's

discovery requests nor submitted the status report that was due on March 5, 2021. On April 13, 2021, the Court received Burns's Motion for Extension, which he mailed on April 9, 2021, about ten days after his deadline to substantively respond to Buser's Motion for Sanctions had elapsed. (*See* ECF No. 154.) Problematically, this motion does not even address Buser's discovery requests, even though they are the basis for Buser's repeated motions for sanctions.

## II.   *Analysis*

Throughout the past few months, Burns has received multiple explicit warnings that his responses to Buser's discovery requests were overdue, and that failure to respond to those requests could result in the sanction of dismissal. *See Smith v. Beavers*, 819 F. App'x 176, 177 (4th Cir. 2020) (Mem) (stating that a district court should have provided a *pro se* litigant with notice that it was considering dismissing his case as a sanction). In his late-filed Motion for Extension, Burns conveys his understanding that he may face "the possibility of a severe sanction, if not the ultimate sanction—i.e., the dismissal of the case." (ECF No. 154.) Accordingly, even though Burns has not heeded the Court's Orders instructing him to respond to Buser's discovery requests, the Court has no doubt that Burns appreciates its warning that it may soon impose a sanction of dismissal.

In considering *Southern States'* factors for determining sanctions, this Court has already found that Burns's ongoing failure to adhere to the Court's Orders—without providing an explanation for this failure, and while simultaneously submitting other filings to the Court— amounts to bad faith. (ECF No. 149); *See also Mut. Fed. Savs. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (emphasis added) (explaining that the sanction of dismissal is warranted when a "party's noncompliance represents bad faith and *callous disregard for the authority of the district court and the Rules*[.]").

Burns's failure to respond to discovery requests, coupled with his failure to submit filings by Court-imposed deadlines, has prejudiced Buser and Turner, who have experienced uncertainty and delays in moving this lawsuit along to its resolution.  In light of Burns's multiple delays and missed deadlines over the past year, this Court views Burns's late-filed Motion for Extension (ECF No. 154) as another means of introducing delay into this suit, without fulfilling Burns's responsibility to substantively respond to Buser's still-overdue discovery requests.  Because Turner has not moved for sanctions or sought dismissal of Burns's suit, the Court will not dismiss Burns's claims against Turner at this time.  However, if Burns continues neglecting to file his overdue status report, the Court may sanction Burns by DISMISSING THIS CASE IN ITS ENTIRETY.

Turning back to the *Southern States* factors, Burns's failure to respect Court Orders and deadlines has also hindered the judicial process and wasted scarce judicial resources, which is not in the public interest.  *See Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 226–27 (4th Cir. 2019) (affirming a district court's dismissal of a case when a plaintiff refused to respond to discovery requests because, *inter alia*, it was unclear that the plaintiff would produce those discovery responses if the case were not dismissed, and the litigation had used up the district court's resources while undermining the court's truth-seeking function).  Burns's late-filed Motion for Extension (ECF No. 154) is only the latest request for extension that Burns has submitted instead of complying with a filing deadline, and without addressing the substance of his overdue filings.

Further, Burns's complete disregard of the Court's earlier, lighter sanctions strongly suggests that a less severe sanction than dismissal would not sufficiently induce Burns's compliance with this Court's Orders.  *See Projects Mgmt. Co. v. Dyncorp Int'l LLC*, 734 F.3d 366,

376 (4th Cir. 2013) (affirming a district court's dismissal of a case as a sanction because, *inter alia*, the "the district court first imposed lesser sanctions, but later found that those lesser sanctions did not alleviate the prejudice caused by [the plaintiff]"). Additionally, the Court cannot effectively impose monetary sanctions on Burns, an indigent inmate who has voluntarily chosen to represent himself *pro se* in this case. (*See* ECF Nos. 121, 122 (granting Burns's motion to discharge his Court-appointed counsel).) Finally, a sanction of dismissal will assist in deterring other plaintiffs, *pro se* or otherwise, from repeatedly ignoring Court Orders, as Burns has done in this case.

### III. Conclusion

For the foregoing reasons, an Order shall enter granting Buser's Motion for Sanctions (ECF No. 150). Accordingly, Burns's outstanding claims against Buser will be dismissed with prejudice, while Burns's outstanding claims against Turner, now the only defendant in this suit, will remain. In addition, the Court will deny Burns's late-filed Motion for Extension (ECF No. 154).

DATED this __14__ day of April, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge