# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

DA'JUAN BURNS,                *

    Plaintiff,            *

v.                            *

                                                                       CIVIL NO. JKB-18-3100

MICHAEL TURNER,               *

    Defendant.           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM

In this suit, Plaintiff Da'Juan Burns, an inmate at the North Branch Correctional Institution in Maryland, sued various officials for allegedly providing him with insufficient medical care in violation of his constitutional rights. (Compl., ECF No. 1.) The Court has since dismissed Burns's claims against all but two defendants on substantive grounds, and dismissed his claims against one of the remaining two defendants as a sanction for Burns's repeated failures to fulfill his discovery obligations toward that defendant. Now pending before the Court is a Motion for Summary Judgment filed by Correctional Officer Michael Turner, the only remaining defendant in this suit. (ECF No. 162.) This motion is fully briefed,[1] and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will grant Officer Turner's Motion for Summary Judgment.

## I. *Factual Background*

In October 2018, Burns sued various medical providers and Officer Turner, primarily alleging that they displayed deliberate indifference to his medical needs in violation of the Eighth

---

[1] The Court considers Officer Turner's motion to be fully briefed because Burns had ample time to submit a response, the deadline for filing a response has passed, and Burns has still not responded to Officer Turner's motion as of this date. *See infra* Part II.

1

Amendment to the U.S. Constitution. *(See* Compl. ¶¶ 137–170.) Burns's claims covered two separate medical issues. First, Burns alleges he was experiencing a chronic condition called a "varicocele," which could be a sign of a "serious medical condition," such as kidney cancer. (*Id.* ¶¶ 15, 18, 93.) Burns does not allege that Officer Turner denied him medical treatment—or had any connection to—that chronic condition. Second, Burns's Complaint references a discrete incident on January 4, 2018, when he allegedly fainted in his prison cell, as a result of being prescribed the incorrect pain medication for his "chronic back and nerve pain[.]" (*Id.* ¶¶ 61, 76–77.) After regaining consciousness, Burns allegedly sustained a "severely painful gash over his right eye; severe pain in his upper front teeth; and pain generally throughout his body." (*Id.* ¶ 78.) According to Burns's Complaint, when Officer Turner arrived at Burns's cell to provide breakfast, Burns allegedly showed Officer Turner the bleeding cut over his right eye, and Officer Turner responded that he would call a nurse. (*Id.* ¶ 81.) Burns alleges that Officer Turner later informed him that Tammy Buser, a nurse at the facility, had declined to come check on Burns. (*Id.* ¶ 86.)

However, in an affidavit accompanying Officer Turner's summary judgment motion, Officer Turner recounts that on January 4, 2018, when Burns asked for a medical evaluation after falling in his cell, Officer Turner "observed no blood, injury, scab or scarring on [Burns's] face at th[at] time." (Michael Turner Decl. ¶ 4, Mot. Summ. J. Ex. 1, ECF No. 162-3.) Officer Turner also attests that he has received first aid training and is "well aware and knowledgeable as to the standards of care for inmates who report an injury." (*Id.* ¶¶ 7–8.)

In his Complaint, Burns claims that Officer "Turner's failure to summon Nurse Buser after Plaintiff passed out and injured himself during the accompanying fall subjected Plaintiff to continued pain, prolonged injury, stress, anxiety, and fear and constituted deliberate indifference in violation of the Eighth Amendment of the U.S. Constitution." (Compl. ¶ 157.)

## II. *Procedural Background*

After Burns filed his Complaint, all of the defendants in this suit moved to dismiss the Complaint, or alternatively, for summary judgment. (*See* ECF No. 22, 26, 58.) In Officer Turner's memorandum in support of dismissal and summary judgment, he argued that he was entitled to qualified immunity if he was being sued in his individual capacity, and to Eleventh Amendment immunity if Burns was suing him in his official capacity. (Mot. Dismiss Mem. Supp. at 5, 8–9, ECF No. 26-1.) In the alternative, Officer Turner argued that Burns's Eighth Amendment claim should be dismissed on substantive grounds because Burns did not show that he was plausibly entitled to relief on this claim. (*Id.* at 6–8.)

After thoroughly considering Officer Turner's arguments, this Court denied his Motion to Dismiss on September 3, 2019. (Mem. Op. Dismissal, ECF No. 76.) The Court determined that Officer Turner was not entitled to qualified immunity because Officer Turner might have violated Burns's clearly established rights by denying Burns medical care, despite the fact that he was actively bleeding. (*Id.* at 13–14.) Relatedly, this Court held that Burns's claim that Officer Turner saw him bleeding, yet denied him medical care, stated a plausible deliberate indifference claim under the Eighth Amendment. (*Id.* at 12–13.)

Although the Court found that Burns plausibly stated a claim against Officer Turner and Buser, it found that the Complaint failed to state claims against the remaining defendants and dismissed them from the case. (ECF No. 77.) Burns appealed these dismissals, and the Fourth Circuit affirmed this Court's decisions regarding dismissal. (ECF No. 145-1.) Therefore, when discovery commenced, Buser and Officer Turner were the only defendants left in this action.

Burns was recalcitrant in the discovery phase of this lawsuit, and repeatedly failed to respond to discovery requests from Buser. Facing Burns's repeated failures to respond to these

3

outstanding discovery requests, Buser's repeated motions for sanctions (*see* ECF Nos. 138, 150), and several Orders from this Court warning Burns that he may face a sanction of dismissal (*see* ECF Nos. 141, 144), this Court finally dismissed Burns's claims against Buser on April 14, 2021. (ECF No. 156.)

This recent development leaves Officer Turner, who had not moved for sanctions amidst Burns's multiple failures to timely submit filings, as the only defendant remaining in this suit. On April 30, 2021, Officer Turner filed the present Motion for Summary Judgment (ECF No. 162). Burns has not filed any response to the present motion, rendering it the latest in a series of motions to which Burns has not responded in the past year. (*See, e.g.*, ECF Nos. 128, 133.) Burns, however, has illustrated his ability to receive and file Court documents by filing motions seeking extensions on April 13, 2021 and June 9, 2021. (*See* ECF Nos. 154, 164.) In Burns's most recent Motion for Extension, he alleged that he had not received Officer Turner's Motion for Summary Judgment. (ECF No. 164.) In response, on June 9, this Court ordered that another copy of the Motion for Summary Judgment and its attachments be sent to Burns, and provided Burns with a twenty-eight-day extension to file his response to the pending summary judgment motion. (ECF No. 165.) Burns failed to respond to Officer Turner's motion by that deadline. In fact, since June 9, the Court has not received any correspondence from Burns.

### *III. Legal Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The "mere existence of a scintilla of evidence in support of the [nonmoving party's] position" is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 252 (1986). The facts themselves, and the inferences to be drawn therefrom, must be viewed in the light most favorable to the party opposing summary judgment. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008).

Even so, the opponent may not rest upon the mere allegations or denials of his pleading, but must instead, by affidavit or other evidentiary showing, set out *specific facts* showing a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits must be made on personal knowledge with such facts as would be admissible in evidence and must affirmatively show the competence of the affiant to testify to the matters stated therein. Fed. R. Civ. P. 56(c)(4). A "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 317.

### *IV. Analysis*

Officer Turner's Motion for Summary Judgment repeats the same substantive arguments that this Court already considered and rejected in ruling on Officer Turner's earlier motion for dismissal or summary judgment. (*See* ECF Nos. 26, 162.) Officer Turner argues, for the second time, that he is entitled to qualified immunity, and alternatively, that Burns has failed to state a plausible claim for deliberate indifference in violation of the Eight Amendment. (Mot. Summ. J. Mem. Supp. at 4–7, ECF No. 162-1.) Officer Turner makes no reference to the fact that this Court considered and rejected those same arguments in its earlier memorandum on dismissal, and Officer Turner does not fully explain why the Court should treat these arguments differently at the summary judgment stage. (*See* Mem. Op. Dismissal at 12–14.)

Although Officer Turner's briefing reintroduces his failed arguments, he benefits from the fact that this case is at a later stage of litigation and facing a different standard. Further, Burns has failed to respond to Officer Turner's Motion for Summary Judgment, and so has failed to identify.

any disputed material facts. In short, Burns's Complaint had survived dismissal because, at the motion to dismiss stage, the Court had to presume that Burns's allegations were true and read them in the light most favorable to Burns. Viewed that way, the Complaint created a plausible entitlement to relief. At the summary judgment stage, however, Burns must do more in order for his case to survive. Faced with the summary judgment standard, Burns fails not only to respond to Officer Turner's Motion for Summary Judgment, but also to present any evidence that would establish a genuine dispute of material fact on his Eighth Amendment deliberate indifference claim.[2]

As this Court explained in its memorandum regarding dismissal, to sufficiently claim deliberate indifference, a plaintiff first must allege a "serious" medical need, meaning one that "is diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would recognize the necessity for a doctor's attention." *Martin v. Bowman*, 48 F.3d 1216, 1219 (4th Cir. 1995); (*see also* Mem. Op. Dismissal at 8.) Second, a plaintiff must allege the government official subjectively recognized both that the plaintiff was exposed to a substantial risk of harm and that his or her actions were inappropriate in light of that risk. *Hearn v. Lancaster Cnty.*, 566 F. App'x 231, 236 (4th Cir. 2014); *see also Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997) ("True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk."). "Although the deliberate indifference standard requires a showing of actual knowledge . . . it 'is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (quoting *Farmer v. Brennan*, 511 U.S. 825, 842 (1994)).

---

[2] Because Burns's Eighth Amendment claim against Officer Turner fails to substantively survive summary judgment, the Court need not reach the question of whether Officer Turner's qualified immunity defense (*see* Mot. Summ. J. Mem. Supp. at 4, 7) applies at this summary judgment stage, despite the fact that he lacked the immunity required to warrant dismissal (*see* Mem. Op. Dismissal at 13).

6

This Court declined to dismiss Burns's claim against Officer Turner because, assuming the facts alleged in Burns's Complaint were true, he had adequately stated a medical need in the form of a bleeding gash by his eye, Officer Turner had allegedly observed Burns's injury, and Officer Turner's alleged ignorance of that bleeding gash was inappropriate in light of the circumstances. (Mem. Op. Dismissal at 12–13.) At the summary judgment stage, however, the Court is considering the facts presented by both parties, and is no longer assuming the truth of all the allegations pled in the Complaint. In an affidavit accompanying his Motion for Summary Judgment, Officer Turner states that he did not see any blood or injury on Burns's face on the morning of January 4, 2018. (Michael Turner Decl. ¶ 4.) Burns does not present any evidence to contradict Officer Turner's statement. *See Williams*, 952 F.2d at 823 (citing *Celotex Corp.*, 477 U.S. at 324) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion.").[3]

Even when this Court reads the facts in the light most favorable to Burns, there is no genuine dispute of material fact regarding whether Burns had a visible, bleeding facial injury when Officer Turner came to his cell on the morning of January 4, 2018. Therefore, the Court can no longer conclude that Burns presented a "serious" medical need that would have been "obvious" to a layperson. *See Martin*, 48 F.3d at 1219; *Gardner v. United States*, 184 F. Supp. 3d 175, 184 (D. Md. 2016) (granting summary judgment in favor of defendants on an Eighth Amendment

---

[3] The Fourth Circuit has held that "a *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge." *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (emphasis in original). "A complaint is 'verified' if it is 'signed, sworn, and submitted under penalty of perjury.'" *Goodman v. Diggs*, 986 F.3d 493, 495 n.2 (4th Cir. 2021). Burns's Complaint cannot be treated as an opposing affidavit for the purposes of summary judgment because, although signed, it is not sworn and does not state that it was submitted under penalty of perjury. *Cf. id.* (internal citation omitted) (considering an "explicit statement that 'I declare under penalty of perjury that all [the] foregoing is true and correct'" as evincing a verified complaint).

deliberate indifference claim when "Defendants have adduced evidence that seems flatly at odds with the notion that they were deliberately indifferent to the Decedent's wellbeing"). Because Burns has not provided evidence of this necessary element of his deliberate indifference claim, Burns's Eighth Amendment claim against Officer Turner cannot survive summary judgment.

## V. Conclusion

For the foregoing reasons, an order shall enter granting Officer Turner's Motion for Summary Judgment (ECF No. 162).

DATED this 15 day of July, 2021.

BY THE COURT:

James K. Bredar
Chief Judge